**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

A.C. JACKSON,                          )
                                       )
        Movant,                        )
                                       )
    v.                                 )          No. 1:22-CV-94 SNLJ
                                       )
UNITED STATES OF AMERICA,              )
                                       )
        Respondent.                    )

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's document titled "Motion for Fraud Upon the Court Pursuant to Fed.R.Civ.P.60(d)(3)." After review of the pleading the Court finds that movant is seeking to vacate his judgment entered in *United States v. Jackson,* No. 1:13CR67 SNLJ (E.D.Mo). Therefore, the Court finds that this matter should be construed as one brought pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

### Background

On July 18, 2013, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a two-count Indictment against A. C. Jackson. *United States v. Jackson,* No. 1:13CR67 SNLJ (E.D.Mo). Count I of the Indictment charged that, at a time unknown to the Grand Jury but including a period from in and around March 28, 2012, March 28, 2013, Jackson, committed the crime of being a Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1). Count II of the Indictment charged that, on or about March 29, 2013, Jackson committed the crime of being a Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1). A Writ of Habeas Corpus Prosequendum was obtained, requiring Jackson's transfer from state custody to federal custody. On August 6, 2013, Jackson made his

initial appearance on the federal charges. After the initial appearance, the Federal Defenders Office was appointed to represent Jackson. Assistant Federal Defender Scott Tilsen filed an entry of appearance on August 8, 2013, notifying the District Court that he would be representing Jackson. Jackson was arraigned on August 8, 2013. At that arraignment, Jackson pled not guilty to the charges. *Id.*

After a one-day jury trial, movant was sentenced on April 10, 2014, to 210 months' imprisonment in the Federal Bureau of Prisons, consisting of 210 months on Count I and 210 months on Count II, to be served concurrently. Movant was also sentenced to three years of supervised release. *Id.*

Movant appealed his judgment to the Eighth Circuit Court of Appeals. *See United States v. Jackson*, 784 F.3d 1227 (8th Cir. 2015). In that appeal, he questioned whether the District Court erred by denying his Motion to Suppress Evidence when the District Court found that the good faith doctrine permitted the admission of the multi-barreled firearm into evidence. That firearm was found during a search of Jackson's home pursuant to a state search warrant. On May 5, 2015, the Court of Appeals affirmed the District Court's conviction and sentence. *Id.*

Movant filed his first motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 on June 22, 2015. *Jackson v. United States*, No. 1:15-CV-115 SNLJ, 2015 WL 6750807 (E.D. Mo. Nov. 5, 2015). Jackson alleged several errors in his conviction: (1) the Grand Jury Indictment was unconstitutionally vague and did not charge an offense; (2) the Grand Jury Indictment was constructively amended; (3) he was denied his constitutional right to testify at a competency hearing; (4) he was not convicted of the offense for which he was charged; (5) 18 U.S.C. § 922(g)(1) was unconstitutional as applied to him; (6) the residual clause of 18 U.S.C. § 924(e) was unconstitutionally vague; (7) the Government improperly commented on his prior

2

conviction for Aggravated Robbery; (8) his sentence was unconstitutionally excessive; (9) the
District Court improperly allowed the Grand Jury access to a copy of the Indictment; and (10) the
District Court improperly allowed a juror to sleep during trial.

The District Court denied movant's motion to vacate on November 5, 2015. *Id.* Movant
filed an application for certificate of appealability with the Eighth Circuit Court of Appeals on
February 4, 2016. The Eighth Circuit denied the application on February 11, 2016. *See Jackson v.
United States*, No. 15-3693 (8ᵗʰ Cir. 2016). After seeking a petition for rehearing en banc, which
was denied on March 17, 2016, the mandate was issued on March 24, 2016. *Id.*

Movant filed a petition for writ of certiorari with the Supreme Court of the United States
on March 23, 2016. *See Jackson v. United States*, No. 16-5200 (2016). The petition for writ was
denied on October 3, 2016. *Id.*

On January 31, 2017, movant filed a motion to file a successive § 2255 in the Eighth Circuit
Court of Appeals. *See Jackson v. United States*, No. 17-1214 (8ᵗʰ Cir. 2017). On May 19, 2017,
the Eighth Circuit denied the request for authorization. *Id.*

On June 22, 2017, movant filed an application for writ of habeas corpus brought pursuant
to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Virginia,
contending that he was entitled to resentencing because the application of the Armed Career
Criminal Act (ACCA) used to enhance his sentence was invalid due to the Supreme Court's
holding in *Johnson v. United States*, 576 U.S.591 (2015).[1] *See Jackson v. Wilson*, No. 1:17-CV-

---

[1]The ACCA's residual clause defined "violent felony" as "any crime punishable by imprisonment for a
term exceeding one year" that "is burglary, arson, or extortion, involves use of explosives, or otherwise
involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §
924(e)(2)(B)(ii). The Supreme Court's *Johnson* decision did not affect the constitutionality of the ACCA's
"force clause," which defines a "violent felony" as "any crime punishable by imprisonment for a term
exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force
against the person of another." *Id.* § 924(e)(2)(B)(i).

713, 2017 WL 7789722 (E.D.VA June 30, 2017). The District Court found that movant was attempting to do an end-run around the second and successive restrictions in 28 U.S.C. § 2255 and denied and dismissed movant's § 2241 action on June 30, 2017. *Id.* The Fourth Circuit denied movant's request for certificate of appealability on October 20, 2017. *See Jackson v. Wilson*, 699 Fed. Appx. 214 (4th Cir. 2017).

On February 20, 2018, movant filed an application for writ of coram nobis in this District, which this Court interpreted as a second and successive motion to vacate brought pursuant to 28 U.S.C. § 2255. *See Jackson v. United States*, No. 1:18-CV-40 SNLJ (E.D.Mo). The Court denied the application for writ on March 19, 2018. *Id.* Movant appealed the dismissal to the Eighth Circuit Court of Appeals, and the dismissal was affirmed on May 21, 2018. *See Jackson v. United States*, No. 18-1713 (8th Cir. 2018).

On June 26, 2019, movant filed a new motion to file a successive § 2255 in the Eighth Circuit Court of Appeals. *See Jackson v. United States*, No. 19-2349 (8th Cir. 2019). The Eighth Circuit denied movant's request for authorization on September 16, 2019. *Id.*

On April 8, 2022, movant filed a third motion to file a successive § 2255 application in the Eighth Circuit Court of Appeals. *See Jackson v. United States*, No. 22-1736 (8th Cir. 2022). The motion was denied on May 27, 2022. *Id.*

## Motion to Vacate

In the instant action titled, "Motion for Fraud Upon the Court Pursuant to Fed.R.Civ.P.60(d)(3)," movant argues that he is entitled to immediate release from confinement.[2]

---

[2]Movant filed the instant action on July 15, 2022. On August 2, 2022, movant filed an application for writ of mandamus in the Eighth Circuit Court of Appeals seeking to require this Court to interpret this action under Federal Rule of Civil Procedure 60(d) rather than as a second and successive habeas action under 28 U.S.C. § 2244(b) and § 2255(h). *See In re Jackson*, No. 22-2634 (8th Cir. 2022). The Eighth Circuit denied the petition for writ of mandamus on August 5, 2022.

4

Movant asserts that the Government committed "fraud" in its brief which was filed in response to his motion to file a successive § 2255 in the Eighth Circuit Court of Appeals in April of 2022. Specifically, movant alleges that "on April 22, 2022, the Government filed a response, lied, and misled the Court…" with relation to whether movant's prior convictions for attempted robbery and aggravated robbery should have been classified as violent felonies for sentencing as an Armed Career. Movant additionally argues that his conviction was unlawful, as after his conviction, subsequent Supreme Court cases have invalidated the caselaw under which his sentence was enhanced. Movant seeks release from confinement due to time served.

**Discussion**

Movant seeks to attack his criminal conviction and his motion to file a successive § 2255 in the Eighth Circuit pursuant to Federal Rule of Civil Procedure 60(d)(3) which allows a litigant to set aside a judgment for "fraud on the court."

First and foremost, the Court must point out that it cannot review the judgment of the Eighth Circuit Court of Appeals. Movant takes issue with matters argued by the Government in its response to movant's third motion to file a successive § 2255 application in the Eighth Circuit Court of Appeals. *See Jackson v. United States*, No. 22-1736 (8th Cir. 2022). If movant believes there were fraudulent matters in the Government's brief filed in the Eighth Circuit, the proper forum for litigating that matter would be in the Eighth Circuit Court of Appeals. Thus, to the extent movant seeks to have this Court review movant's third motion to file a successive § 2255 application and the Government's response thereto, his request will be denied.

To the extent movant seeks to again request post-collateral review of his criminal conviction, albeit this time pursuant to Federal Rule of Civil Procedure 60(d), the Court will analyze movant's arguments below.

5

Rule 60(d) was added to the Federal Rules in 2007, but before that time, Rule 60(b) contained a savings clause referencing the same avenue of relief. *See* Fed.R.Civ.P. 60(b) (2006).

As early as 1903, the Eighth Circuit recognized an independent action under Federal Rule of Civil Procedure 60. *See, e.g., Nat'l Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir.1903) (describing elements for an independent cause of action to obtain relief from a prior judgment); *see also Griffin v. Fed. Deposit Ins. Corp.,* 831 F.2d 799, 802 (8th Cir.1987) (describing the savings clause of Rule 60(b) as providing for an independent cause of action similar to the cause of action described in *Nat'l Surety*).

In *Nat'l Surety*, the Eight Circuit Court of Appeals stated:

> The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Nat'l Surety Co.,* 120 F. at 599.

Rule 60 applies in habeas proceedings "only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Barnett v. Roper*, 904 F.3d 623 (8th Cir. 2018) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2009)).

In his motion for relief under Rule 60(d), movant asserts that he is being unlawfully detained: (1) in violation of the Double Jeopardy Clause because he had two convictions (and two special assessments given) on one occasion;[3] (2) in violation of the ACCA because his attempted robbery conviction in Missouri can no longer be considered a violent felony;[4] (3) in violation of

---

[3]Movant cites to the Supreme Court case of *Wooden v. United States*, 142 S.Ct. 1063 (2022), in support of his argument.

[4]Movant cites to the Supreme Court case of *United States v. Taylor,* 142 S. Ct. 2015 (2022), in support of his argument.

6

the ACCA because his two sentences for aggravated robberies in Kansas should not have been assessed as two predicate counts under the ACCA.[5]

A movant is limited to one motion under Section 2255 and may not bring a "second or successive motion" unless it meets the strict requirements of Section 2255(h). *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) is clear and unequivocal that a second or successive motion cannot be considered by a district court unless it has first been certified by a circuit court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The issue for the district court in a Rule 60 proceeding such as this is to determine whether the petitioner's Rule 60 motion is a "true" Rule 60 motion, or whether it is a disguised Section 2255 motion requiring dismissal for failure to seek prior approval from the circuit court. *United States v Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). It is the substance within the pleading, not the pleading's title, which determines whether the pleading is a Section 2255 motion. *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006). *See also United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) (even though a claimant invokes Rule 60, the court must examine the relief sought rather than the title or form "to determine whether it [was] a second-or-successive collateral attack on [the] conviction.").

---

[5] The Government asserts, and the Presentence Report indicates, that the Kansas priors were treated as a single ACCA predicate violent felony.

Under *Gonzalez*, the Supreme Court noted that the proper treatment of a Rule 60(b) motion depends on the nature of the claims presented.[6] A Rule 60(b) motion should be treated as a successive application if it directly attacks the prisoner's conviction or sentence. *Gonzalez*, 545 U.S. at 532; *see also Barnett*, 904 F.3d at 632. Conversely, it is a "true" Rule 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges the integrity of the original federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Gonzalez*, 545 U.S.

The model in the Eighth Circuit for handling motions filed under Rule 60 by a movant who has previously been denied habeas corpus relief is unassailably clear:

> [W]e encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

*Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

An eyes wide-open review and examination of the claims of movant demonstrates that his efforts are focused upon vacating his conviction and sentence rather than correcting some

---

[6]*Gonzales* held that a Rule 60(b) motion should not be treated as a successive habeas petition where it did not attack the underlying conviction but instead challenged the integrity of the habeas proceedings themselves. *Id*. at 532. Although *Gonzales'* holding is narrow, some courts have extended its principles to Rule 60(d)(3) motions challenging the integrity of § 2255 proceedings. *See, e.g., Bewig v. United States*, No. 4:05 CV 635 CDP, 2010 WL 4177452, at \*2 (E.D.Mo. Oct. 20, 2010); *see also Best v. United States*, No. 2:05–CV–235, 2010 WL 4739935 (N.D. Ind. Nov. 12, 2010).

irregularity in his earlier proceedings under Section 2255. Movant is arguing for reduction in his

sentencing enhancements. These claims have been previously rejected by the Eighth Circuit Court

of Appeals in his petitions for authorization to file a successive habeas action. This is not a Rule

60 motion, but rather an attempt at a successive collateral attack under Section 2255.

Even if movant's claim was not a successive § 2255 motion, it would still fail on its merits.

Rule 60(d)(3) operates as a savings clause, allowing the court to "set aside a judgment for fraud

on the court." *See* Fed.R.Civ.P. 60(d)(3). But relief under Rule 60(d)(3) is appropriate only in

extraordinary circumstances involving egregious misconduct. *See Lockwood v. Bowles*, 46 F.R.D.

625, 633 (D.C.Cir.1969); *see also Matter of Wallace*, 57 B.R. 364, 365 (W.D.Mo.1985); *Rozier v.*

*Ford Motor Co*., 573 F.2d 1332, 1338 (5th Cir.1978). Acts that subvert the court's integrity, or

otherwise prevent impartial adjudication, rise to the high level of fraud on the court. *See, e.g.,*

*Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir.1993) (citation omitted).

Conclusory allegations "made on information and belief and unaccompanied by a

statement of clear and convincing probative facts which support such belief" will not raise a claim

of fraud upon the court. *Best v. United States*, Nos. 2:00–CR–171, 2:08–CV–59, 2011 WL 321153,

at *1 (N.D.Ind. Jan. 26, 2011) (citing *Booker v. Dugger*, 825 F.2d 281, 283–84 (11th Cir.1987)

(internal quotation omitted)).

Movant's claim does not reach the extraordinary level of fraud upon the court. Movant

makes only conclusory allegations of Government fraud relating to his disagreement with the

Government's contentions in its brief to the Eighth Circuit Court of Appeals. Nothing in his motion

or the record suggests or implies he was the victim of fraud or dishonesty by the Government.

Absent such a showing of egregious misconduct, relief under Rule 60(d)(3) cannot be granted.

Because the substance of the instant petition concerns the validity of movant's criminal conviction, it must comply with the AEDPA's second or successive requirements. Unfortunately, movant's "Motion for Fraud Upon the Court Pursuant to Fed.R.Civ.P.60(d)(3)" does not comply.

For these reasons, the instant "Motion for Fraud Upon the Court Pursuant to Fed.R.Civ.P.60(d)(3)" will be denied and dismissed as a second or successive motion to vacate.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence [ECF No. 1] is **DENIED AND DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that movant's motion for the Court to hear movant's motion [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this _12th_ day of August, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE